UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF THE MIDWEST, an Indiana Corporation, as Subrogee of William Magee, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:11-cv-40-RLY-WGH |
| LG ELECTRONICS, USA, INC., a New Jersey Corporation, and SEARS ROEBUCK & COMPANY, a New York Corporation, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS TO COMPEL

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, at 3:00 p.m., on November 9, 2011, for a telephonic discovery hearing. The parties were represented by counsel.

The Plaintiff's Emergency Motion to Continue Argument re: Plaintiff's Motions to Compel Discovery and to Designate Deponents was filed on November 14, 2011. (Docket No. 54). No response has been filed, and that motion is hereby **GRANTED, in part.**

Thereupon the following **ORDERS** are entered:

1. With respect to Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and the Production of Documents filed October 13, 2011

(Docket No. 33) and Plaintiff's Motion to Compel Defendants to Designate Deponents with Knowledge Pursuant to FRCP 30(b)(6) filed December 17, 2011 (Docket No. 38), the motions to compel are **GRANTED, in part,** and **DENIED, in part,** as follows:

(a) Defendants shall respond to interrogatories and requests for production and shall produce an appropriate 30(b)(6) deponent to address information known by the company with respect to the electrical wiring, lamp and lamp covers, condenser and condenser connections to the Trio Model No. 7957754 for a time period two years prior to the fire at issue in this case and two years after that incident. Defendants are also to provide basic information concerning whether the following Trio refrigerator model numbers used the same wiring, lamp and lamp covers, condenser and condenser connections and are of the same capacity as Model No. 7957754 at issue in this case. If the following model numbers meet the parameters described above, information concerning those items must also be produced. The model numbers are: 7957755, 7957756, 7957757, 7957771, and 7957772.

(b) Defendants shall provide an appropriate 30(b)(6) deponent to address whether any claims of fires resulting from lights remaining on were filed as a part of the McLennan, et al. v. LG Electronics, USA, Inc. class action filed in the District of New Jersey.

(c) Plaintiff is granted leave to serve additional interrogatories or requests for production addressing the items specified in subparagraph (a) above.

(d) Defendants' compliance with this order shall be performed within thirty (30) days of the date of this order.

2. The **SETTLEMENT CONFERENCE** set for November 14, 2011, is **VACATED** and is hereby **RESCHEDULED** for **WEDNESDAY, FEBRUARY 1, 2012,** at 1:30 p.m., Evansville time (CST), in Room 328, Federal Building,

Evansville, Indiana. Parties with full authority to settle this matter are to be present **in person** at this conference. **(See attachment for particulars, including description of which client(s) must attend.)**

3. The parties are to file a proposed amended case management plan within thirty (30) days of the date of this order.

4. A **TELEPHONIC STATUS CONFERENCE** is set for **WEDNESDAY, DECEMBER 21, 2011,** at 2:30 p.m., Evansville time (CST), before the Magistrate Judge. Each counsel wishing to participate in this conference shall individually place a call to (317) 229-3960 at the time of the conference.[1]

**SO ORDERED.**

**Dated:** December 7, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Michael J. Black
BLACK & MOSS, P.C.
mikeb@bdlaw.us

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

---

[1]This is the court's bridge line. The first person to call the number will hear a tone and then dead air. As each additional person calls the number, they will hear a tone and then will be able to talk to all other persons who have previously connected to the conference call.

Cecilio L Franco IV
JOHNSON & BELL, LTD.
francoc@jbltd.com

Edward W. Hearn
JOHNSON & BELL
hearne@jbltd.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

# SETTLEMENT CONFERENCES BEFORE
# U.S. MAGISTRATE JUDGE WILLIAM G. HUSSMANN, JR.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference, **in person,** along with their counsel. This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity. For a defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's own discretion,** a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower. For a plaintiff, such representative must have final authority, **in the representative's own discretion,** to authorize dismissal of the case with prejudice, or to accept a settlement in the amount of the defendant's last offer. Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

Each party shall submit (not file) a confidential settlement statement directly to the Magistrate Judge no later than two business days prior to the conference, setting forth the relevant positions of the party concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed. **<u>The settlement statement should not exceed five (5) pages, and should only include critical exhibits</u>.**

Any request to continue this conference must be in motion form and filed with the court no later than one week prior to the conference, except for emergencies.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference.**

(Revised 12/9/2010)