UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF  )<br>THE MIDWEST, an Indiana Corporation, as )<br>Subrogee of William Magee,  )<br>      Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>LG ELECTRONICS, USA, INC., a New  )<br>Jersey Corporation, and SEARS ROEBUCK )<br>& COMPANY, a New York Corporation,  )<br>      Defendants.  ) | 3:11-cv-40-RLY-WGH |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS OR ENTRY OF A
DEFAULT JUDGMENT AGAINST DEFENDANTS PURSUANT TO FRCP 37**

In this case, Plaintiff has sought relevant information about the refrigerator that allegedly caused the fire to the home of William Magee, Plaintiff's subrogor, in Oldenburg, Indiana. Plaintiff contends that Defendants have not been forthcoming with the most basic information – such as who designed the refrigerator and whether Defendants had received any other complaints or claims related to fires caused by refrigerators – requested in its set of interrogatories and requests for production of documents. Consequently, according to Plaintiff, Defendants' dilatory tactics have prompted Plaintiff to file three motions to compel, (*see* Docket ## 26, 33, 38), and the court to issue two Orders regarding the same on September 2, 2011, and December 7, 2011, (*see* Docket ## 29, 60). Moreover, despite the December 7, 2011 Order,

1

Defendants did not timely respond to Plaintiff's discovery, and did not designate the required Federal Rule of Civil Procedure 30(b)(6) deponents by January 8, 2012.  Instead, those responses came three weeks later.  Plaintiff also complains that Defendants have not submitted expert reports from its causation and liability witnesses, as required by the parties' Case Management Plan.  For these transgressions, Plaintiff asks the court to either sanction Defendants or enter a default judgment against them pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).

Rather than issue sanctions, the court will grant the Defendants one last pass.  If Defendants fail to timely respond and/or fail to provide adequate answers to Plaintiff's second set of interrogatories, they will be subject to sanctions.  If Defendants violate another court Order by failing to timely answer Plaintiff's discovery requests, they will be subject to sanctions.  In addition, if Defendants fail to submit their expert reports by March 23, 2012, they will be precluded from relying on their experts for any purpose, including summary judgment or trial.  Plaintiff's Motion for Sanctions or Entry of a Default Judgment Against Defendants Pursuant to Federal Rule of Civil Procedure 37 (Docket # 64) is **DENIED**.

**SO ORDERED** this __1st__ day of March 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Michael J. Black
BLACK & MOSS, P.C.
mikeb@bdlaw.us

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

Cecilio L. Franco IV
JOHNSON & BELL, LTD.
francoc@jbltd.com

Edward W. Hearn
JOHNSON & BELL
hearne@jbltd.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com