UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION



| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF THE MIDWEST, an Indiana Corporation, as Subrogee of William Magee, <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, USA, INC., a New Jersey Corporation, and SEARS ROEBUCK & COMPANY, a New York Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) 3:11-cv-40-RLY-WGH |

**ENTRY ON PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37, TO EXTEND DISCOVERY IN LIGHT OF DEFENDANTS' DISCOVERY VIOLATIONS, AND TO PRECLUDE THE DEPOSITION OF PLAINTIFF'S ENGINEER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Motion for Sanctions filed on April 23, 2012. (Docket Nos. 98-101). Defendants filed their Response in opposition to Plaintiff's Motion for Sanctions on May 10, 2012. (Docket. No. 103). Plaintiff did not file a reply brief.

Plaintiffs filed this motion seeking sanctions for Defendants' misrepresentation and concealment of documents during the discovery process. For the reasons outlined below, the Magistrate Judge finds that Plaintiff's Motion for Sanctions should be **DENIED.**

## Background

This dispute arises out of a fire that occurred at the home of Plaintiff's subrogor, William Magee. Prior to this suit being filed experts from both sides spent several days examining the scene and cause of the fire. On March 17, 2011, Plaintiff filed its Complaint against Defendants. One month later Plaintiff served Interrogatories and Requests for Production of Documents upon Defendants. Upon not receiving a response within 30 days, Plaintiff filed a Motion to Compel Answers to Interrogatories and the Production of Documents. (Docket No. 26). This court granted the motion and ordered Defendants to respond by September 12, 2011. (Docket No. 29). Defendants answered the questions vaguely, forcing Plaintiff to file additional motions to compel. (*See* Docket Nos. 33, 38). On December 7, 2011, this court granted, in part, and denied, in part, the additional motions, stating:

(a) Defendants shall respond to interrogatories and requests for production and shall produce an appropriate 30(b)(6) deponent to address information known by the company with respect to the electrical wiring, lamp and lamp covers, condenser and condenser connections to the Trio Model No. 7957754 for a time period two years prior to the fire at issue in this case and two years after that incident. Defendants are also to provide basic information concerning whether the following Trio refrigerator model numbers used the same wiring, lamp and lamp covers, condenser and condenser connections and are of the same capacity as Model No. 7957754 at issue in this case. If the following model numbers meet the parameters described above, information concerning those items must also be produced. The model numbers are: 7957755, 7957756, 7957757, 7957771, and 7957772.

    (b)    Defendants shall provide an appropriate 30(b)(6) deponent to address whether any claims of fires resulting from lights remaining on were filed as a part of the *McLennan, et al. v. LG Electronics, USA, Inc.* class action filed in the District of New Jersey.

    (c)    Plaintiff is granted leave to serve additional interrogatories or requests for production addressing the items specified in subparagraph (a) above.

    (d)    Defendants' compliance with this order shall be performed within thirty (30) days of the date of this order.

(Docket No. 60).

Defendant Sears assigned a third-party administrator to obtain the information required under the court's order. However, through a typographical error, the third-party administrator conducted a search in which an "8" instead of a "5" was used for the third digit of the model numbers. (Defendants' Response at 7; Exhibit F, ¶ 8). A search, therefore, was conducted by the third-party administrator using the incorrect model numbers, which resulted in a report that there was no record of fires, overheating, or short circuiting for the models searched. (*Id.*). Thus, the Defendants relayed to Plaintiff that there were no records of fires, overheating, or short circuiting for the models at issue in this suit.

Meanwhile, on January 9, 2012, Plaintiff filed its first Motion for Sanctions against Defendants. Plaintiff claimed that Defendants failed to respond to interrogatories and requests for production, failed to designate a FED. R. CIV. P. 30(b)(6) deponent relative to the electrical system of the refrigerators, failed to

designate a FED. R. CIV. P. 30(b)(6) deponent to address claims of fires alleged in the New Jersey class action suit, and failed to comply with the court's December 7, 2011 order by "failing to confer with Plaintiff's counsel to schedule depositions and to confer of [sic] proposed amendments of the case management plan." (Plaintiff's Brief in Support at 2). Three (3) weeks after the January 8, 2012 deadline to comply, Defendants fully complied with the court's December 7 order. However, this court denied Plaintiff's first Motion for Sanctions. (Docket No. 73).

It was not until late January that Defendants discovered the typo in the model numbers. On March 2, 2012, after a search using the corrected model numbers, Defendant Sears created an Excel spreadsheet with 18 names and a "Loss Description" of incidents where consumers referenced fires, overheating, warping, and burning with reference to the model numbers at issue in this case. (Defendants' Response, Exhibit P). In addition, defense counsel also sent to Plaintiff's counsel a letter advising that it was the defense counsel's belief that with the production of this spreadsheet, together with LG's January 20 spreadsheets and supplemental answers to discovery, all discovery issues between the parties had been resolved. (*Id.*).

Plaintiffs, however, took the position that discovery issues had not been resolved. On March 20, 2012, the parties conducted a discovery conference. Plaintiff's counsel stated that he would not agree to produce his expert, Charles Fricke ("Fricke"), unless Defendants provided the addresses for all of the

consumers identified by both LG and Sears.  Plaintiff did not state any further issues with respect to the entries produced by LG on January 20.  In compliance with Plaintiff's March 20 request, Defendants produced the requested information and addresses on April 4, 2012.

Plaintiff filed this motion on April 23, 2012.  Plaintiff asks the court to sanction Defendants for their alleged concealment and misrepresentation.  Further, Plaintiff seeks to extend discovery and bar Defendants from deposing Plaintiff's engineer, Fricke, until the close of the extended discovery.

### Discussion

Under FED. R. CIV. P. 37, a district court may impose sanctions upon a party who violates an order directing discovery.  *Moore v Doe*, 108 F.3d 1379 (7th Cir 1997).  When a party fails to obey a discovery order, the district court may impose sanctions, including directing that designated facts be taken as established.  FED. R. CIV. P. 37(b)(2)(A).  In addition sanctions depend upon the condition of finding "willfulness, bad faith, or fault."  *American Nat. Bank and Trust Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 877 (7th Cir. 2005).  The court defined fault to mean objective unreasonableness.  *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

Under FED. R. CIV. P. 37, courts have wide latitude in fashioning appropriate sanctions, as long as the sanctions are reasonable under the circumstances.  *Insight, Inc. v Spamhaus Project*, 658 F.3d 637 (7th Cir. 2011).  The sanctions must be proportional to the party's misconduct.  *Collins v Illinois*,

554 F.3d 693 (7th Cir 2009). While sanction of dismissal is the ultimate sanction, it is fitting when a party has a clear record of delay or contumacious conduct and other less drastic sanctions have proven unavailable. *Rice v. City of Chicago*, 333 F.3d 780 (7th Cir. 2003). However, the Seventh Circuit stated that finding must rest upon clear and convincing evidence before a court can resort to the sanction of dismissal. *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir. 2007).

In this case, Plaintiff attempts to demonstrate that Defendants intentionally withheld information requested by the Plaintiff and ordered by this court. When the court ordered Defendants to produce the requested information for model numbers 7987755, 7987756, 7987757, 7987771, and 7987772, Defendant Sears' third-party administrator accidentally erred in typing the correct model numbers. The administrator used an "8" instead of a "5" in the third digit of the model numbers. This court should not sanction a party due to a third party's typographical error.

Plaintiff has not demonstrated by clear and convincing evidence that Defendants willfully withheld information. Nor has Plaintiff fully justified why any sanctions should be issued. Defendants did make a mistake, but they did remedy that mistake and have now disclosed everything Plaintiff requested.

## Conclusion

The Magistrate Judge, being duly advised, now **DENIES** the Plaintiff's Motion for Sanctions. This court concluded that Defendant Sears' third-party

administrator did not intend to delay litigation.  Furthermore, Defendants were not willful, acting in bad faith, or at fault with the error that caused a delay in discovery.  In addition, Defendants will not be awarded their costs for the failure of Plaintiff to comply with Local Rule 37.1 before filing this motion, nor will Fricke be barred from testifying.  The parties are to comply with the deadlines established in the Order Granting Joint Motion to Amend Case Management Plan entered June 8, 2012.  (Docket No. 111).

**SO ORDERED** the 21st day of August, 2012.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

Michael J. Black
BLACK & MOSS, P.C.
mikeb@bdlaw.us

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

Cecilio L. Franco IV
JOHNSON & BELL, LTD.
francoc@jbltd.com

Edward W. Hearn
JOHNSON & BELL
hearne@jbltd.com

Scott W. Hoyne
JOHNSON & BELL, LTD.
hoynes@jbltd.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Matthew K. Wollin
JOHNSON & BELL, LTD.
wollinm@jbltd.com