UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CITENS INSURANCE COMPANY OF THE MIDWEST, an Indiana Corporation, as Subrogee of William Magee, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:11-cv-40-RLY-WGH |
| LG ELECTRONICS, USA, INC., a New Jersey Corporation, and SEARS ROEBUCK & COMPANY, a New York Corporation, | ) ) ) ) | |
| Defendants. | ) | |

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion to Compel filed by Defendants on December 26, 2012. (Docket No. 138). Plaintiff's response to the motion was filed on January 9, 2013. (Docket No. 140). An *in camera* filing of certain documents was received by the court on January 15, 2013, per the court's order allowing the submission entered January 11, 2013. (Docket No. 142).

The Magistrate Judge, being duly advised, now **DENIES** the Motion to Compel.

### Facts and Law Applicable to the Analysis

1. This is a subrogation matter arising out of the fire at the home of subrogee William Magee. The fire was caused by a refrigerator designed,

manufactured, and sold by defendants LG Electronics and Sears Roebuck & Company.

2. Plaintiff retained Charles Fricke, PE, as its expert as to the design defect in the subject refrigerator.

3. Defendants issued a deposition notice for Mr. Fricke and a subpoena for his file and other documents.

4. Mr. Fricke submitted his complete file, consisting of more than 500 pages, to Plaintiff's counsel, who examined the papers for privileged or protected matter.

5. Plaintiff's counsel removed 45 pages from the file as privileged. The removed documents consisted of:

- some but not all of the emails/correspondence between Mr. Fricke and Plaintiff's counsel;

- questions prepared by Mr. Fricke for Plaintiff's counsel's use during the deposition of Defendants' engineers; and

- transcripts of electronic chats between Mr. Fricke and Plaintiff's counsel compiled during the deposition of Defendants' engineers. (Removed documents from the Fricke file, submitted to the Judge *in camera*, Exhibit 1).

6. These removed documents were listed on a privilege log that was provided to Defendants. (Privilege Log, Exhibit 2). A copy of the privilege log and the non-privileged portions of Mr. Fricke's file were provided to Defendants several days before Mr. Fricke's deposition.

7. Plaintiff's counsel did not remove all of the emails or other correspondence with Mr. Fricke. Specifically, Plaintiff did not remove any documents related to Mr. Fricke's compensation; the facts or data that Plaintiff's counsel provided; or the assumptions that Plaintiff's counsel provided and that Mr. Fricke relied on in forming his opinions. *See* FED. R. CIV. P. ("Rule") 26(b)(4)(C).

8. In this case, Mr. Fricke, the expert, must be classified as a testifying expert.

9. As Plaintiff points out, Rule 26 was amended in 2010 to address the scope of expert discovery. Specifically, Rule 26(b)(4)(C) provides that the attorney work product doctrine, codified at Rule 26(b)(3)(B), applies to "communications between the party's attorney and any witness required to provide [an expert disclosure] report," except insofar as those communications:

> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.[1]

---

[1] The Magistrate Judge notes that the authorities relied upon by the Defendants in their Motion to Compel pre-dated the change to Rule 26, which is applicable to the case at bar.

## Analysis

Specifically addressing the privilege log:

1. July 3-6, 2010 email exchange – Motion denied because the information does not fall within the category of information required to be disclosed by Rule 26(b)(4)(C)(i), (ii), or (iii).

2. December 8, 2011 email exchange – Motion denied for reason specified in paragraph 1 above.

3. December 22, 2011 email exchange – Motion denied for reason specified in paragraph 1 above.

4. December 29, 2011 email exchange – Motion denied for reason specified in paragraph 1 above.

5. January 9-12, 2012 email exchange – Motion denied for reason specified in paragraph 1 above and report draft protected by Rule 26(b)(4)(B).

6. January 24, 2012 email exchange – Motion denied for reason specified in paragraph 1 above and report draft protected by Rule 26(b)(4)(B).

7. April 28-30, 2012 email exchange – Motion denied for reason specified in paragraph 1 above and report draft protected by Rule 26(b)(4)(B).

8. With respect to the August 17 and 24, 2012 letters from Mr. Fricke to Black & Moss, these do appear to be proposed questions provided by the expert to the attorneys for upcoming depositions of the Defendants' experts and therefore would be protected communications protected under Rule 26(b)(4)(C). For the same reason, discussions between counsel and the expert during the

depositions of Engineer Baek and Engineer Cho would be protected under the same rationale.

9. Finally, with respect to the November 11, 2010; December 7, 2010; and October 4, 2011 email exchanges between Mr. Fricke and a consultant who is not expected to testify at trial, those matters are protected pursuant to Rule 26(b)(4)(D), unless manifest injustice would result. No such showing of manifest injustice has been made at this time. This also applies to the "disc" of materials from the expert who is not expected to be called as a witness for trial.

Therefore, the Motion to Compel is **DENIED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED** the 1st day of February, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**