UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF THE MIDWEST, AS SUBROGEE OF WILLIAM MAGEE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:11-cv-40-RLY-WGH |
| LG ELECTRONICS, USA, INC., SEARS, ROEBUCK & COMPANY, | ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR LEAVE TO FILE AFFIRMATIVE DEFENSES

Plaintiff, Citizens Insurance Company of the Midwest, as subrogee of William Magee, has brought suit against Defendants, LG Electronics, USA, Inc. and Sears, Roebuck & Company, alleging a defectively designed refrigerator was the cause of Magee's property loss. Concurrent with their motion for summary judgment (Docket # 152), Defendants now seek leave to amend their answer to add statute of limitations and lack of vertical privity as affirmative defenses. (Docket # 153). For the reasons set forth below, Defendants' motion is **GRANTED**.

Generally, affirmative defenses not raised in the initial response are deemed waived. FED. R. CIV. P. 8(c); *see also Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004). However, courts are to grant leave to amend pleadings freely "when

1

justice so requires." FED. R. CIV. P. 15(a)(2).[1]  Even at the summary judgment stage, a court may allow the addition of affirmative defenses so long as "the plaintiff is not harmed by the delay." *Phillips v. Walker*, 443 Fed. App'x 213, 215 (7th Cir. 2011). Specifically, the court may allow these defenses "in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." *Gray v. Morrison Mgmt. Specialists, Inc.*, 2012 WL 3960318, at *4 (N.D. Ind. Sept. 7, 2012) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)). A court may also deny leave to amend if the movant "has unduly delayed in filing the motion." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) (citations omitted).

Even though, as Citizens notes, the deadline for amendment of pleadings set out in the case management plan has passed (Plaintiff's Response at 1), the court does not find that Citizens would be harmed by granting leave to amend. The affirmative defenses are not futile, as they are facially plausible.[2] *See, e.g., Bank of Am, NA v. Home Lumber Co., LLC*, 2011 WL 5040723, at *3 (N.D. Ind. Oct. 24, 2011) ("[f]utility generally is measured by whether the amendment would survive a motion to dismiss under [Rule]

---

[1] Citizens argues that Defendants' motion should be treated as a motion to modify the scheduling order, which a court may only allow for good cause. FED. R. CIV. P. 16(b)(4). However, the cases Citizens cites are inapposite. *See Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011; *Trustmark Ins. Co. v. Cologne Life Re of America*, 424 F.3d 542 (7th Cir. 2005); *Tschantz v. McCann*, 160 F.R.D. 568 (N.D. Ind. 1995) (none of the cases dealt with adding affirmative defenses before dispositive motions had been ruled on). The court therefore analyzes Defendants' motion under the Rule 15(a)(2) standard.

[2] Citizens' claim that "the defense of vertical privity does not apply to Plaintiff's claim under Indiana's product's [*sic*] liability statute" (Plaintiff's Response at 10-11) is inaccurate. *See, e.g., Atkinson v. P&G-Clairol, Inc.*, 813 F. Supp. 2d 1021 (N.D. Ind. 2011).

12(b)(6)"). While Citizens claims it would need to conduct additional discovery to defeat the defenses (Plaintiff's Response at 10), the statute of limitation and privity defenses do not appear on their face to require additional discovery, and Citizens does not detail what additional discovery it would need. Citizens does not allege undue prejudice on other grounds.

Citizens claims that "Defendants waited 22 months after filing their answer . . . [and] have failed to offer any excuse for the delay." (*Id*. at 10). Citizens directs the court to *Castro*, in which the Seventh Circuit upheld the trial court's denial of leave to add affirmative defenses. The Court held that the defendant waiting 18 months after its initial answer and offering no reason for its delay constituted undue delay in filing its motion. 360 F.3d 721, 735 (7th Cir. 2004). However, in *Castro*, the defendant did not file its motion to leave until six months after its motion for summary judgment had been denied, *id.*, depriving the plaintiff of the opportunity to respond to the new defenses. In this case, Defendants raised their statute of limitations and lack of vertical privity defenses in their motion for summary judgment (Docket #152), to which Citizens responded. Finally, Citizens does not accuse Defendants of bad faith or having a dilatory motive in not raising these defenses until now. While Defendants' motion has certainly come late in the case, the court sees no clear harm to Citizens and therefore grants the motion.

The court realizes that Citizens may not have fully addressed Defendants' statute of limitations and lack of privity defenses in its response in opposition to Defendants' motion for summary judgment. Citizens may therefore file a sur-reply within 15 days of this Order, responding only to those new affirmative defenses. Also, mindful that this

3

matter is set for trial on August 26, 2013, the court would entertain a motion to continue if Citizens needs additional time to prepare its case in light of the new defenses.

For the foregoing reasons, Defendants' motion for leave to add affirmative defenses (Docket #153) is **GRANTED**.  The case shall proceed in a manner consistent with this Order.

**SO ORDERED** this 17th day of May 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.